UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICKY WHITMORE,**

    **Plaintiff,**

    **v.**
                                   Civil Action 2:15-cv-2838
                                       Judge Gregory L. Frost
                                       Magistrate Judge Elizabeth P. Deavers

**ELMEACO MALLORY,**

    **Defendant.**

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Ricky Whitmore, an Ohio resident who is proceeding without the assistance of counsel, brings this action against Elmeaco Mallory, an investigator for the Equal Employment Opportunity Commission ("EEOC") who handled Plaintiff's discrimination claims; Cheryl Mabry-Thomas, director of the EEOC's Cleveland, Ohio office; and Exel, Inc., Plaintiff's former employer. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. (ECF No. 1.) All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter before the United States Magistrate Judge for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to state a claim.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1]Formerly 28 U.S.C. § 1915(d).

2

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *Flagstar Bank*, 727 F.3d at 504 (citations omitted).  Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"  *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'"  *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**II.**

On June 29, 2015, Plaintiff filed an action against Elmeaco Mallory. (*See Whitmore v. Mallory*, Case Number 2:15-cv-2468 (the "2468 Case").) Following the Undersigned's Report and Recommendation in which the Undersigned recommended that the Court dismiss the 2468 Case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, Plaintiff filed an amended complaint in which he added Cheryl Mabry-Thomas as a new defendant. (2468 Case, ECF Nos. 2 and 3.) The Court adopted the Report and Recommendation, finding that even if Plaintiff's belatedly filed amended complaint had been considered, dismissal under § 1915(e)(2) was still warranted given the absence of a private right of action against the EEOC or its employees for actions taken in connection with their handling of complaints of discrimination. (2468 Case, ECF No. 4.) Plaintiff subsequently filed the instant action, again naming Mr. Mallory and adding Ms. Mabry-Thomas, and Exel, Inc. as Defendants. The Undersigned addresses the viability of Plaintiff's claims against each of these Defendants in turn.

**A.    Defendant Mallory**

In the instant action, as in the 2468 Case, Plaintiff again complains of Defendant Mallory's handling and disposition of his discrimination charge against his former employer. In the 2468 Case, the Undersigned recommended dismissal of Plaintiff's claims against Defendant Mallory, reasoning as follows:

> According to the Complaint, Plaintiff filed a discrimination charge against his former employer with the EEOC. Defendant was assigned to investigate Plaintiff's charge. Plaintiff filed this instant action against Defendant because he is dissatisfied with Defendant's investigation and resolution of his charge against his former employer. In terms of relief, Plaintiff asks this Court to construe the terms of an agreement he apparently entered into with his former employer and also to declare that Defendant improperly handled his claim against his former employer.
>
> Plaintiff's dissatisfaction with Defendant's handling of his discrimination

4

>charges fails to state a claim upon which relief may be granted because no private right of action to assert such a claim exists. *Darby v. United States Dep't of Energy*, No. 05-4325, 2006 WL 7348136, at *6 (6th Cir. June 9, 2006) (holding that "[t]he [plaintiff's] claim lacks merit because [she] has no cause of action against the EEOC for the alleged improper handling of her complaints") (citing *Ward v. EEOC*, 719 F.2d 311, 313–14 (9th Cir. 1983) (no private right of action against EEOC for unsatisfactory resolution of discrimination complaint)); *Jackson v. Frank*, No. 90-1266, 1990 WL 182029, at *1 (6th Cir. Nov. 23, 1990) ("The district court properly dismissed [the plaintiff's] claims against [the EEOC investigator] as the courts have consistently recognized that the EEOC and its employees are not subject to suit for actions taken in their review of complaints for discrimination." (citations omitted)). Accordingly, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to state a claim.

(2468 Case, July 7, 2015 Report & Rec. 4, ECF No. 2.)  Plaintiff's claims against Defendant Mallory in the instant action fail for the same reasons set forth in the 2468 Case's July 7, 2015 Report & Recommendation.

Moreover, the doctrine of *res judicata* or claim preclusion operates to bar Plaintiff's federal claims against Defendant Mallory.  Under the doctrine of *res judicata* or claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action."  *Montana v. U.S.*, 440 U.S. 147, 153 (1979).  The United States Court of Appeals for the Sixth Circuit has instructed that *res judicata* requires proof of the following four elements: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action."  *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). "The purpose of *res judicata* is to promote the finality of judgments, and thereby increase certainty, discourage multiple litigation, and conserve judicial resources."  *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).

In the instant action, with regard to his claims against Defendant Mallory, Plaintiff

5

simply reasserts the same claims arising out of the same facts that he alleged in the 2468 Case. In the 2468 Case, the Court dismissed Plaintiff's purported claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  A court's dismissal of a "complaint pursuant to the provisions of § 1915(e) . . . . constitutes an adjudication on the merits for purposes of *res judicata*."  *Burton v. Cleveland Ohio Empowerment Zone*, 102 F. App'x 461, 463 (6th Cir. 2004) (citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *Smith v. Morgan*, 75 F. App'x 505, 507 (6th Cir. 2003)).  Thus, the Undersigned concludes that the doctrine of *res judicata* operates to bar Plaintiff's claims against Defendant Mallory in the instant action and recommends dismissal of these claims for this additional reason.

**B.     Defendant Mabry-Thomas**

As the Court noted in the 2468 Case's Order adopting the Report and Recommendation, any claim against Defendant Mabry-Thomas relating to actions taken in connection with her handling of complaints of discrimination fails to state a claim because no private right of action exists to assert such a claim against the EEOC or its employees.  (2468 Case, July 30, 2015 Order 3, ECF No. 4 (citing *Jackson*, 1990 WL 182029, at *1).)  Accordingly, for the reasons set forth in the 2468 Case's July 7, 2015 Report and Recommendation and July 30, 2015 Order (ECF Nos. 2 and 4) and adopted herein by reference, the Undersigned recommends that the Court dismiss Plaintiff's claims against Defendant Mabry-Thomas pursuant to § 1915(e)(2).

**C.     Exel, Inc.**

According to the Complaint, Plaintiff signed an agreement with his former employer, Defendant Exel, in which he agreed to perform a certain amount of work.  Plaintiff alleges that individuals who signed the agreement were subject to termination if they were unable to perform

the minimum work while individuals who did not sign such an agreement were not subject to termination.  He further alleges that in an internal complaint filed with Exel, he complained that it only enforced the agreement with respect to women and minorities.  After Exel denied the allegations he advanced in his internal complaint, Plaintiff filed a complaint with the EEOC concerning these agreements.  Plaintiff alleges that he was terminated from employment with Exel after informing them that he was unable to perform the work he agreed to perform.  He alleges that no one could perform the work contemplated in the agreement and that his signing the agreement "held [him] in involuntary servitude" in violation of the Thirteenth Amendment. (Compl. 4, ECF No. 1-1.)  He appears to allege that the employers used the agreements to terminate women and minorities.  Plaintiff failed to include a demand setting forth the relief he seeks.

As a threshold matter, in neglecting to articulate the relief he seeks, Plaintiff has failed to satisfy Federal Rule of Civil Procedure 8(a), which provides, in pertinent part, that "[a] pleading that states a claim for relief must contain . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3).

Notwithstanding this deficiency, the Undersigned finds that Plaintiff has failed to state a claim on which relief could be granted.  Although Plaintiff asserts that his execution of the agreement with Exel violates the Thirteenth Amendment, the Thirteenth Amendment is wholly inapplicable to the facts he has alleged.  *See United States v. Kozminski*, 487 U.S. 931, 942 (1988) ("The Thirteenth Amendment declares that '[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.'").  The *Kozminski* Court observed that "in every case in which this Court has found a condition of involuntary servitude,

the victim had no available choice but to work or be subject to legal sanction." *Id*. Because Plaintiff has not plausibly alleged that he was compelled by law to continue working for Exel, he has failed to state a claim under the Thirteenth Amendment.

To the extent Plaintiff seeks to assert a claim under Title VII of the Civil Rights Act ("Title VII"), his claims also fail. Title VII prohibits an employer from "discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1). In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), the United States Supreme Court held that in the discrimination context, a *prima facie* case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), "is an evidentiary standard, not a pleading requirement" and that "the ordinary rules for assessing the sufficiency of a complaint apply." *Id*. at 510. The Court must therefore apply the "plausibility standard in *Twombly* and *Iqbal* for assessing whether a complaint's factual allegations support its legal conclusions." *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (citations omitted).

Applying the foregoing authority here, the Undersigned concludes that Plaintiff has failed to allege facts from which this Court could "draw the reasonable inference," *Iqbal*, 556 U.S. at 678, that Defendant is liable for violating Title VII. Although Plaintiff conclusorarily alleges that Exel used the agreements to terminate members of the protected class, he offers no allegations in his Complaint upon which the Court could draw the inference that he personally had been terminated because of his gender or race. *See Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 627 (6th Cir. 2013) (upholding trial court's dismissal of employment discrimination pursuant to Rule 12(b)(6) where the plaintiff had failed to "plausibly show that the . . . adverse employment decision . . was a result of discrimination based upon his race or his gender,"

explaining that the "Court is not required to accept the inferences drawn by [the] [p]laintiff"); *See Keys*, 684 F.3d at 610 (the plausibility standard "applies to causation in discrimination claims").  To the contrary, Plaintiff's Complaint alleges that he was terminated because he informed his employer that he could not perform the work that he agreed to perform.  Further, Plaintiff fails to identify any relevant dates or the genders and races of the decisionmaker or his comparators and likewise fails to include any information concerning the amount of work he was performing as compared the work his comparators performed.

In sum, because Plaintiff has failed to sufficiently plead a plausible claim for relief against Defendant Exel, it is recommended that the Court dismiss his claims against Exel pursuant to § 1915(e)(2).

### III.

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's Complaint in the above-captioned actions be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l*

*Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).  **IT IS SO ORDERED.**

Date:  October 19, 2015                              /s/ *Elizabeth A. Preston Deavers*
                                                     ELIZABETH A. PRESTON DEAVERS
                                                     UNITED STATES MAGISTRATE JUDGE