# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RICKY WHITMORE,**

    **Plaintiff,**

                                          **Civil Action 2:15-cv-2838**
    v.                               **Judge James L. Graham**
                                          **Magistrate Judge Elizabeth P. Deavers**

**ELMEACO MALLORY,** *et al.*,

    **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Undersigned upon the Court's December 12, 2012 Order (ECF No. 18) referring Plaintiff's Motion to Reinstate Claim (ECF Nos. 17) to the Undersigned for a Report and Recommendation. For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion be **DENIED**.

In his Motion, Plaintiff asks the Court reinstate his claims against Defendant Cheryl Mabry-Thomas, the Director of the Equal Employment Opportunity Commission ("EEOC"). As best as the Undersigned can discern, in support of this Motion, Plaintiff relies upon the case caption the United States Court of Appeals for the Sixth Circuit utilized in its February 22, 2016 Order dismissing Plaintiff's appeal (ECF No. 13) to argue that he advanced viable claims against Ms. Mabry-Thomas. Plaintiff appears to argue that the Sixth Circuit's identification of Elmeaco Mallory, an investigator for the EEOC, as an appellee in the case caption reflects the Sixth Circuit's agreement with him that he properly sued the EEOC.

The Undersigned construes Plaintiff's Motion to Reinstate Claim as a motion for relief from judgment pursuant to Federal of Civil Procedure 60(b)(1). Rule 60(b) permits a court to

reopen final judgments for a number of reasons, including "mistake, inadvertence, surprise, . . . excusable neglect, newly discovered evidence, . . . fraud . . . or any other reason that justified relief." Fed. R. Civ. P. 60(b). "In determining whether relief is appropriate under Rule 60(b)(1), courts consider three factors: (1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense." *Yeschick v. Mineta*, 675 F.3d 622, 628–29 (6th Cir. 2012) (internal quotation marks and citations omitted).

Applying the foregoing, the Undersigned concludes that Plaintiff has not demonstrated that he is entitled to relief under Rule 60(b). Contrary to Plaintiff's assertions, the case caption the Sixth Circuit employed is a reflection of the parties he named in this action and on appeal rather than the Court's opinion that he has advanced meritorious claims against individuals employed by the EEOC. Indeed, review of the Sixth Circuit's Order reveals that it did not even reach the merits of Plaintiff's appeal and instead dismissed it as untimely. (ECF No. 13.) Accordingly, it is **RECOMMENDED** that Plaintiff's Motion to Reinstate be **DENIED**. (ECF No. 17.)

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and

Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: April 18, 2017                                  /s/ *Elizabeth A. Preston Deavers*
                                                      ELIZABETH A. PRESTON DEAVERS
                                                      UNITED STATES MAGISTRATE JUDGE